No. 27,122.

St. Louis-San Francisco Railway Company, *Appellant*, v. The
City of Pleasanton et al., *Appellees*.

SYLLABUS BY THE COURT.

Municipal Corporations—*Special Assessment for Construction of Sewer—Action to Enjoin*. In an action to enjoin a special assessment for the construction of a sewer in a city of the third class, the objections are considered and it is held the injunction was properly denied.

Appeal from Linn district court; Edward C. Gates, judge. Opinion filed July 10, 1926. Affirmed.

*R. R. Vermilion, W. F. Lilleston,* both of Wichita, and *E. T. Miller,* of St. Louis, Mo., for the appellant.

*John A. Hall,* of Pleasanton, for the appellees.

The opinion of the court was delivered by

Harvey, J.: This is a suit to enjoin a special assessment upon plaintiff's property for the construction of a sewer in a city of the third class. It was tried to the court. Judgment was rendered for defendant. Plaintiff has appealed.

The facts were agreed upon, and in substance are these: On May 18, 1925, the mayor and council of the city, at a special meeting regularly called, employed a civil engineer to make preliminary survey and to estimate the cost of constructing a sewer for a portion of the city. Such survey and estimate were made. On July 14, 1925, at a regular adjourned meeting of the mayor and councilmen, the plans and specifications for the sewer system were submitted by the engineer and were approved and adopted by the mayor and councilmen, and an ordinance was duly passed creating and describing sewer district No. 1 of the city, declaring to be necessary and ordering to be constructed therein a sewer with certain described mains, laterals, etc.; declaring liable for the cost of construction of such sewer (except cost of outlet, etc., as to which there is no controversy) all lots, blocks, parcels and pieces of land in such sewer district, such cost to be apportioned and assessed against such property, exclusive of improvements thereon, according to the special benefits accruing thereto, and providing for the issuance of bonds

Municipal Corporations, 28 Cyc. pp. 1119 n. 82, 1128 n. 84, 1138 n. 31.

for the payment thereof. Included in the description of the territory of the sewer district was approximately one-half in width of the right of way of plaintiff, including its depot, from Fifth street to Twelfth street. The sewer system was constructed and completed. On December 7, 1925, appraisers were appointed to fix the amount of benefits received by the property within the sewer district by reason of constructing the sewer, for the purpose of assessment to defray the costs of constructing the sewer. They made a report to the mayor and council. On December 17 the mayor and council provided for a hearing of complaints of all persons interested with reference to such appraisements and special assessments, and fixed the time of the hearing as December 21. There was a hearing on that date, and continued to December 29, when a further hearing was had. Plaintiff appeared at both these hearings. On the last-named date the mayor and councilmen, after reconsidering the individual appraisement, considered the same to be fair and equitable to each and all, and the appraisement and assessment were then approved by the mayor and councilmen.

Thereafter an ordinance was duly passed making the specific assessments upon each lot and parcel of land within the sewer district.

In making the appraisement and assessment the entire portion of plaintiff's right of way within the sewer district was treated as one tract or parcel of land. This portion of the right of way is crossed by several streets, and the areas of the streets were excluded in computing the area of plaintiff's property subject to assessment. All of it was assessed at the lowest value of any of the residence property in the district. It is stipulated that "the pieces of said right of way if appraised or assessed without regard to the value of the buildings or improvements thereon varied and vary in value." From this it is argued that the assessment was inequitable and unjust as to plaintiff. The assessment was not made upon values of property, but upon the benefits accruing from the construction of the sewer. We think there was no material error in treating the portion of plaintiff's right of way, exclusive of street crossings, within the sewer district as one parcel or tract of land.

Plaintiff points out that there was no resolution adopted as provided by R. S. 12-602. That section outlines the procedure for the paving, etc., of streets and alleys; it does not pertain to construction of sewers. The proceeding in this case was under R. S. 12-607 et seq., which do not require such a resolution.

St. Louis-S. F. Rly. Co. v. City of Pleasanton.

The appraisers appointed to fix the amount of benefits received by the respective tracts of property within the sewer district were not sworn; they did not subscribe to and file an oath as such appraisers. Plaintiff argues this renders their assessment void, citing R. S. 12-608, and several cases from other states holding that where the statute requires appraisers to take such an oath, their failure to do so invalidates their proceedings. The statute cited relates to paving, etc., rather than to construction of sewers. The statute under which defendant proceeded in this case makes no requirement for the appointment of appraisers. They appear to have been appointed in this case in an advisory capacity to the mayor and council, who did in fact consider the assessment as to each tract and parcel of land and who themselves made the assessment and levy.

It may be noted that plaintiff does not contend it is not liable to be assessed for its proper portion of the cost of constructing the sewer. Neither does it specifically contend, and hardly by inference can be said to contend, that the portion of the cost of the sewer which was finally assessed against its property is greater than it should be. There is no charge of fraud, or any specific misconduct, made against any of the city officials. The entire complaint is of irregularities, most of which are predicated upon the erroneous theory that the city proceeded under the statutes pertaining to paving, when it did in fact proceed under the statute relating to sewers.

There was no error in denying the injunction. The judgment of the court below is affirmed.